PRESENT, M'KEAN, CHIEF JUSTICE, SHIPPEN, YEATES AND SMITH,
JUSTICES.

---

DAVID LENOX, who survived JOSEPH JACOB WALLIS, administrators
de bonis non of JOHN LUKENS, administrator of JESSE LUKENS,
*against* ELEANOR DEHAAS and JOHN PHILIP DEHAAS, executors
of JOHN PHILIP DEHAAS.

An executor defendant is a competent witness to prove the state of papers offered in
evidence, when he found them, and where they were found, from the necessity of the
case. But papers purporting to be cancelled bonds, cannot be received in evidence
without proof that they once existed as bonds.

COVENANT on articles of agreement made between the intes-
tate and testator, dated July 25, 1775, whereby the former conveyed
to the latter, four tracts of land on both sides of Bald Eagle creek,
containing 1000 acres, in consideration of 150*l.* paid in hand, and
175*l.* to be paid on the 25th July 1776, and 175*l.* to be paid on the
25th July 1777. It was further stipulated, that the expenses of
patenting the lands should be deducted out of the purchase money.
The breach assigned, was the non-payment of the two latter sums.

The defendants, under the plea of payment with leave to give
the special matters in evidence, offered two writings to the jury pur-
porting to be cancelled bonds from the testator to the intestate,
the one payable on the 25th July 1776, and the other on the 25th
July 1777, each for 175*l.* and to show that the same were found by
one of the defendants among the testator's papers, inclosed in the
articles in their present state.

The writings were connected together, on the same sheet of paper,
and though the seals remained, no part of the signatures of the
obligor, or of the witnesses could be traced thereon.

This testimony was excepted to by the plaintiff's counsel.

And *per curiam*, the executor is a competent witness to prove
the state of the papers when he found them, and where they were
discovered, from the necessity of the case. He is merely called to
a collateral point before the court, to introduce the papers to the
jury. But to show the writings in evidence, it must previously be
ascertained that they once existed as obligations. On the face of
the writings, it would rather appear, that they had never been exe-
cuted, as no vestiges of subscription either by Dehaas or the witnesses

are to be found; and it having been agreed, that Lukens should be at the expense of patenting the lands, it is not probable, that Dehaas would have paid the full consideration money, unless he had obtained some engagement that those expenses should be paid by Lukens. Where bonds have been given at the time of the execution of articles, the execution of the bonds is usually recited, or an acknowledgment of the receipt of the consideration money is inserted therein. There being no proof here, that the papers ever existed as bonds, they cannot be received in evidence.

Verdict *pro quer.* for 752*l.* 4*s.* 2*d.* damages.

Mr. Lewis, *pro quer.*

Messrs. Ingersoll and S. Levy, *pro def.*